[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO SUPPRESS
This motion to suppress arises on the following facts. An anonymous tip called into New Haven police on September 20, 1998 at about midnight stated that an Hispanic youth on a bike was selling drugs at 467 Columbus Avenue stating also that the youth was near Columbus and White Street. Almost at once two New Haven police officers arrived at the scene (actually the officers admit that they were some yards beyond White; the defendant's evidence places the officers up to two blocks away from White, closer to Columbus and West).
The officers saw at least five boys on bikes, some of whom were Hispanic and some of whom were black. The officers stepped out of their cruiser and one of them told the youths to "take your hands out of your pockets." At this point one of the black youths, the defendant James Pin, known to these officers from previous juvenile delinquency incidents, started to pedal away on his bike. CT Page 5780
One officer called out "stop" and began to chase the defendant, who did not stop. The other officer re-entered the cruiser and drove on ahead to try to block the defendant's path. The defendant fell off the bike and continued to run. He then turned toward the pursuing officer and attempted to shoot the officer with a handgun. The firing pin on the gun failed and the bullet did not exit the chamber. The defendant apparently threw the gun to the ground. The officer stopped to retrieve the gun as the defendant continued to run away.
The defendant was eventually arrested later that night at his home and charged with assault in the first degree, reckless endangerment and carrying a pistol without a permit. The defendant seeks to suppress the gun, a magazine and twelve .22 caliber bullets, as well as all evidence which is derived therefrom.
The central issue here is whether the evidence sought to be suppressed stems from an illegal Terry investigative stop. This issue arises even though the stop itself may be illegal underTerry v. Ohio, 392 U.S. 1 (1968). In a similar case the Appellate Court remarked:
 [T]he question to be resolved concerning the admissibility of derivative evidence is whether, granting establishment of the primary illegality, the evidence to which the objection is made has been come at by exploitation of the initial illegality or instead by means sufficiently distinguishable to be purged of the primary taint. . . . Here, even assuming, without deciding, that the Terry stop of the defendant was illegal, we cannot agree that this rendered the gun inadmissible.
State v. Miller, 29 Conn. App. 207, 215 (1992), aff'd.,227 Conn. 363 (1993) (citations and internal punctuation omitted). See also State v. Colvin. 241 Conn. 650, 660 (1997).
Here even assuming that the request to the defendant to take his hands out of his pockets was an investigative stop and that there was no reasonable suspicion warranting the stop, the fact that the defendant turned on the officer and fired his handgun at him sufficiently distinguishes the alleged initial illegality to "purge the primary taint." The actions of the defendant broke the chain of alleged illegality. State v. Ostroski,201 Conn. 534, 548 (1986). CT Page 5781
Certainly the situation where an accused takes affirmative action during a chase has to be distinguished from one where the gun is merely dropped or thrown away during flight. State v.Blackman, 246 Conn. 547, 554-556 (1998).
The motion to suppress is therefore denied.[1]
Henry S. Cohn, J.